class action, instead, Plaintiffs intend to use the opt in procedure set forth in 29 U.S.C. § 216(b).

38.    Plaintiffs are entitled to an award of back pay, including prejudgment interest, or liquidated or double damages for the past three years of work.

39.    An actual controversy now exists between Plaintiffs and Defendants as to whether Defendants violated Plaintiffs' rights in failing to pay wages as required by the FLSA.  Unless the Court issues a declaration of rights, there will continue to be a controversy as to whether Defendants' businesses are required to pay dancers a minimum wage for working at the clubs.  In addition, numerous future claims of a similar nature are likely to arise and require judicial resolution. By issuing a declaration of rights at this time, the Court will conserve judicial resources and provide guidance to the parties, and others who are similarly situated as to the legality of Defendants' actions in failing to pay minimum wage to exotic dancers who work at their clubs.

40.    Plaintiffs are further entitled to injunctive relief against Defendants to restrain them from continuing to fail to pay minimum wage to exotic dancers working at their clubs.

## SECOND CAUSE OF ACTION

### (California Labor Code §§ 1194, 98.3)

### (Against Defendants Spearmint Rhino; Deja Vu Showgirls; Rio; Rouge; Silver Rein; Scores; and the Wild Goose.)

41.    The allegations set forth above in Paragraphs 32 through 40, inclusive, are incorporated into this cause of action by reference as if set forth in full.

42.    By doing the things alleged herein, Defendants violated the California Labor Code by failing to pay a minimum wage to the exotic dancers who worked

6

in their clubs.

43.    Plaintiffs are entitled to an award of back pay, including prejudgment interest, for the past two years of work.

44.    An actual controversy now exists between Plaintiffs and Defendants as to whether Defendants violated Plaintiffs' rights in failing to pay wages as required by the Labor Code.  Unless the Court issues a declaration of rights, there will continue to be a controversy as to whether Defendants' businesses are required to pay dancers a minimum wage for working at the clubs.  In addition, numerous future claims of a similar nature are likely to arise and require judicial resolution.  By issuing a declaration of rights at this time, the Court will conserve judicial resources and provide guidance to the parties, and others who are similarly situated as to the legality of Defendants' actions in failing to pay minimum wage to exotic dancers who work at their clubs.

45.    Plaintiffs are further entitled to injunctive relief against Defendants to restrain them from continuing to fail to pay minimum wage to exotic dancers working at their clubs as provided in Labor Code §§ 98.1(b), 1194, and 1194.5.

### THIRD CAUSE OF ACTION

### (California Labor Code § 351)

### (Against Defendants Spearmint Rhino; Deja Vu Showgirls; Rio; Rouge; Silver Rein; Scores; and the Wild Goose.)

46.    The allegations set forth above in Paragraphs 42 through 45, inclusive, are incorporated into this cause of action by reference as if set forth in full.

47.    Labor Code section 351 provides in relevant part that "No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages

due to an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer.  Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given or left for."

48.    By requiring Plaintiffs to pay their tips to other club employees of the clubs, and by requiring that employees kick back a portion of their tips and/or fees for lap dances and table dances to Defendants, Defendants have violated Labor Code section 351.

49.    Plaintiffs are entitled to a return of all tips they were forced to give to other club employees and a return of all tips and fees for lap dances and table dances that they were forced to kick back to Defendants, with prejudgment interest thereon for the past four years.

## FOURTH CAUSE OF ACTION
## (California Bus. & Prof. Code §§ 17200, et seq.)
## (Against all Defendants)

50.    The allegations set forth above in Paragraphs 47 through 49, inclusive, are incorporated into this cause of action by reference as if set forth in full.

51.    Plaintiffs bring this cause of action on behalf of themselves, pursuant to Business & Professions Code §17204.  The Defendants' conduct as alleged herein has been, and continues to be, deleterious to Plaintiffs, and Plaintiffs are seeking to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.  Plaintiffs also seek compensation for the loss of their property and the personal financial impacts they have suffered as a result of Defendants' unfair business practices.

52.    California Business & Professions Code §§ 17200 et seq. prohibits

8

"unfair competition," defined as any "unlawful, unfair, or fraudulent business act or practice." These acts or practices consists of those forbidden by law.

53.     The unlawful, unfair, and fraudulent practices described herein constitute ongoing and continuous unfair business practices within the meaning of Business & Professions Code §§ 17200, et seq., as they are prohibited by federal and state laws.

54.     Defendants' practices described herein offend established public policies, including, but not limited to those set forth in the FLSA and Labor Code § 356 and involve business practices that are immoral, unethical, oppressive, unscrupulous and/or substantial injurious to customers.

55.     The furtherance of Defendants' role in the stream of commerce by engaging in the aforementioned business practices creates an unfair business advantage over competitors that do not utilize such practices from within California and the United States.

56.     Plaintiffs seek injunctive relief, disgorgement of all profits resulting from these unfair business practices, restitution and other appropriate relief on behalf of themselves and the general public as provided in Business & Professions Code § 17203.

WHEREFORE, Plaintiffs request the following relief:

As to the First Cause of Action:

1.     A declaration that Defendants violated Plaintiffs' rights under the FLSA by failing to pay exotic dancers minimum wage at Defendants' nightclubs.

2.     An order restraining Defendants from continuing to fail to pay minimum wage to exotic dancers working at their clubs.

3.     An award of damages for back pay, including prejudgment interest, or liquidated or double damages for the past three years of work.

9

As to the Second Cause of Action:

1.   A declaration that Defendants violated Plaintiffs' rights under the Labor Code by failing to pay exotic dancers minimum wage at Defendants' nightclubs.

2.   An order restraining Defendants from continuing to fail to pay minimum wage to exotic dancers working at their clubs.

3.   An award of damages for back pay, including prejudgment interest, for the past two years of work.

As to the Third Cause of Action:

1.   An award of damages representing all tips Plaintiffs were forced to give to other club employees and all tips and fees for lap dances and table dances that Plaintiffs were forced to kick back to Defendants, with prejudgment interest thereon for the past four years.

As to the Fourth Cause of Action:

1.   A declaration that Defendants violated Plaintiffs' rights under the FLSA and the Labor Code by failing to pay exotic dancers minimum wage at Defendants' nightclubs.

2.   An order restraining Defendants from continuing to fail to pay minimum wage to exotic dancers working at their clubs.

3.   An award of restitution, representing all tips Plaintiffs were forced to give to other club employees, and all tips and fees for lap dances and table dances that Plaintiffs were forced to kick back to Defendants, with prejudgment interest thereon for the past four years.

4.   An order for disgorgement of all profits resulting from the unfair business practices alleged herein.

As to all Causes of Action:

10

1.   An award of costs, including attorney's fees under 29 U.S.C. § 216(b), California Labor Code §§ 218.5, 1194(a) and California Code of Civil Procedure § 1021.5, and other relevant provisions of law; and

2.   Such other and further relief as the Court finds just and proper.

DATED: June 18, 2008          PATRICK J. MANSHARDT

By _____
Patrick J. Manshardt
Attorney for Plaintiffs CALIFORNIA COALITION OF UNDRESSED PERFORMERS ("C-CUP") AND 4 EXOTIC DANCERS

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims so properly triable.

By _____
Patrick J. Manshardt
Attorney for Plaintiffs CALIFORNIA COALITION OF UNDRESSED PERFORMERS ("C-CUP") AND 4 EXOTIC DANCERS

11