David S. Markun (SBN 108067)
dmarkun@mzclaw.com
Jeffrey K. Compton (SBN 142969)
jcompton@mzclaw.com
Daria Dub Carlson (SBN 150628)
dcarlson@mzclaw.com
MARKUN ZUSMAN & COMPTON LLP
17383 Sunset Boulevard, Suite A380
Pacific Palisades, California 90272
Telephone: (310) 454-5900
Facsimile: (310) 454-5970
*Additional Counsel Listed on Next Page*

Attorneys for Defendant
West Coast Undercover, Inc. dba 4Play, Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA COALITION OF UNDRESSED PERFORMERS; 4 EXOTIC DANCERS; and ALL SIMILARLY SITUATED INDIVIDUALS<br><br>Plaintiffs,<br>v.<br><br>SPEARMINT RHINO; BARE ELEGANCE; CENTURY LOUNGE; CRAZY GIRLS; DÉJÀ VU SHOWGIRLS; FANTASY ISLAND; 4 PLAY; JET STIP; PLAYPEN; RIO; ROUGE; SAM'S HOF BRAU; SCORES; SEVENTH VEIL; SILVER REIN; STAR STRIP; STAR STRIP TOO; STARZ and the WILD GOOSE<br><br>Defendants | Case No. CV08-04038 ABC(SSx)<br>*Assigned For All Purposes To:*<br>*Hon. Audrey B. Collins*<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT 4PLAY TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) BASED ON PLAINTIFFS' LACK OF STANDING; AND PURSUANT TO FED. R. CIV. P. 17(a) BECAUSE PLAINTIFFS ARE NOT REAL PARTIES IN INTEREST WITH RESPECT TO ANY CLAIMS AGAINST DEFENDANT 4 PLAY**<br><br>**CLASS ACTION**<br>Date: December 8, 2008<br>Time: 10:00 a.m.<br>Ctrm: 680<br><br>Action Filed: June 19, 2008<br>Trial Date: None |

1

1  EDITH A. THOMAS, ESQ.  SBN: 220820
2  214 North Ridge Drive, Suite B
   Fallbrook, California 92028
3  Telephone: (888) 349-3940
4  Facsimile: (760) 728-9518
   edithomas1@aol.com
5
6  / / /
7  / / /
8  / / /

1   PLEASE TAKE NOTICE that on December 8, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 680 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, 90012, defendant West Coast Undercover, Inc. dba 4Play, Corp. ("4Play") will and hereby does move the Court for an order dismissing plaintiffs' complaint herein as to 4Play. This motion is made on the grounds that plaintiffs have no standing to sue 4Play and plaintiffs are not the real parties in interest with respect to any claims against 4Play.

This Motion is based on this Notice and Motion, the Memorandum of Points and Authorities in support thereof, the complaint and papers on file in this action, and on the oral and written evidence presented at the hearing.

This Motion is made following the conference with counsel pursuant to Local Rule 7-3, which took place on November 4, 2008.

Dated: November 5, 2008

MARKUN ZUSMAN & COMPTON, LLP
LAW OFFICE OF EDITH THOMAS

By: _____
Daria Dub Carlson
Edith A. Thomas

Attorneys for Defendant West Coast Undercover, Inc. dba 4Play, Corp.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF ARGUMENT

Plaintiffs consist of a purported coalition of exotic dancers as well as 4 unnamed exotic dancers. Plaintiffs sued various nightclubs alleging, among other things, that the nightclubs do not pay the dancers wages, charge the dancers stage fees for working in the clubs, force dancers to tip other club employees, force dancers to give 50% of their tips back to the club and improperly characterize the dancers as independent contractors as opposed to employees. None of the 4 unnamed exotic dancers alleges that she ever worked at 4Play, and the Complaint does not allege that any member of the purported coalition ever worked at 4Play. As such, as set forth more fully below, the Complaint should be dismissed as to defendant 4Play on the grounds that plaintiffs are not real parties in interest with respect to any claims against 4Play and plaintiffs have no standing to sue 4Play.

## II.

## STATEMENT OF FACTS

On or about June 19, 2008, plaintiffs filed a Complaint for Damages, Injunctive, Declaratory Relief and Attorney's Fees Pursuant to: FLSA, 29 U.S.C. §§ 201-209; Cal. Labor Code §§ 1194, 98.3; Cal. Labor Code § 351; Cal. Bus & Prof. Code §§ 17200, et seq. (the "Complaint"). The Complaint purports to be filed by "Plaintiff California Coalition of Undressed Performers ("C-CUP") [which] is an association of female exotic dancers who work at a number of Defendant nightclubs. . . ." (Complaint, ¶ 3). Also listed as plaintiffs are 4 unnamed Exotic Dancers who worked at some but not all of the nightclubs named as defendants. In paragraphs 5 through 8, the Complaint identifies the clubs at which each of the unnamed 4 Exotic Dancers worked during the past three years. None of the 4 Exotic Dancers list 4Play as a nightclub at which she worked. In addition, there is no allegation that any of the exotic dancers who are purportedly members of C-CUP ever worked at 4Play.

The first three causes of action name as defendants only the nightclubs at which one of the 4 Exotic Dancers indicate that they worked, i.e, Spearmint Rhino, Déjà vu Showgirls, Rio, Rouge, Silver Rein, Scores and the Wild Goose. Defendant 4Play is not named in these causes of action. Defendant 4Play is only named as a defendant in the Fourth Cause of Action for violation of California Bus. & Prof. Code §§ 17200, et seq. (Complaint, ¶¶ 50-56).

### III.

### PLAINTIFFS HAVE NO STANDING TO SUE DEFENDANT 4PLAY AND ARE NOT REAL PARTIES IN INTEREST WITH RESPECT TO ANY CLAIMS AGAINST DEFENDANT 4 PLAY

The U.S. Constitution limits federal judicial power to designated cases and controversies. (U.S. Const., Art. III, § 2). To establish a case or controversy under Article III of the U. S. Constitution, a plaintiff must show the following as an "irreducible minimum": (1) an injury in fact which is concrete and not conjectural; (2) a causal connection between the injury and defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife (1992) 504 U.S. 555, 560-561; United Food & Commercial Workers Union, Local 751 v. Brown Group, Inc. (1996) 517 U.S. 544, 550. In addition, the claim must be for injury to plaintiff's own legal rights and interests, rather than the legal rights or interests of third parties. See, Elk Grove Unified School Dist. v. Newdow (2004) 542 U.S. 1, 14.

Further, Fed. R. Civ. P. 17(a) provides, in pertinent part, that: "An action must be prosecuted in the name of the real party in interest. . . ." The "real party in interest" is the person who has the right to sue under the substantive law. In general it is the person holding title to the claim, as opposed to others who may benefit by the litigation or be interested in the claim. U-Haul Int'l, Inc. v. Jartran, Inc. (9th Cir. 1986) 793 F.2d 1034, 1038; United Healthcare Corp. v. American Trade Ins. Co., Ltd. (8th Cir. 1996) 88 F.3d 563, 568-569; Farrell Const. Co. v. Jefferson Parish,

Louisiana (5th Cir. 1990) 896 F.32d 136, 140. The plaintiff "must allege facts sufficient to reveal that he suffered an injury, that the injury was caused by the defendant's illegal conduct, and that his injury could be redressed by a favorable outcome in the lawsuit." Steckler v. Star Enterprise (11th Cir. 1997) 124 F.3d 1399, 1406.

As stated above, none of the unnamed 4 Exotic Dancers alleges that she ever worked at 4Play. In addition, the Complaint does not allege that any member of C-CUP ever worked at 4Play. As such, plaintiffs cannot establish an injury in fact, a causal connection or a likelihood that any injury will be redressed in an action against 4Play.

These standing requirements are not altered by the fact that this case is a putative class action. It is not enough for a class representative to show injury to class members whom they purport to represent. A class plaintiff must show actual injury to himself or herself. (See, Lewis v. Casey (1996) 518 U.S. 343, 349: "It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm.").

In addition, Business and Professions Code §§ 17204 provides, in pertinent part, that an action for relief may be prosecuted by a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition." Here, no plaintiff has alleged any injury in fact caused by 4Play, nor has any plaintiff alleged that she has lost any money or property as a result of any action by 4Play.

Therefore, the Complaint should be dismissed as to defendant 4Play.

/ / /
/ / /
/ / /

## IV.

## CONCLUSION

For all the foregoing reasons, defendant 4Play respectfully requests that this motion be granted in its entirety.

Dated: November 5, 2008

MARKUN ZUSMAN & COMPTON, LLP
LAW OFFICE OF EDITH THOMAS


By: _____
Daria Dub Carlson
Edith A. Thomas

Attorneys for Defendant West Coast Undercover, Inc. dba 4Play, Inc.