UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

| Case No. | CV 08-4038 ABC (SSx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | 4 Exotic Dancers v. Spearmint Rhino, et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Daphne Alex | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:**   ORDER DENYING MOTION FOR LEAVE TO PROCEED BY USE OF PSEUDONYMS (In Chambers)

    Currently pending before the Court is Plaintiffs' Motion for Leave to Proceed by Use of Pseudonyms filed initially on December 19, 2008 and refiled on December 31, 2008. (Docket ## 114, 125). Defendants Olympic Avenue Venture, Inc. ("OAV") (which was sued and served as "Spearmint Rhino") and Maverick Tavern, Inc. ("Maverick Tavern") (which was sued and served as "the Wild Goose") opposed the motion. (Docket ## 133, 136). And Plaintiffs filed an untimely reply. (Docket # 141).[1]

    The Court finds the motion appropriate for resolution without oral argument and vacates the hearing set for February 2, 2009. Upon consideration of the materials submitted by the parties and the case file, the Court hereby **DENIES** the motion.

**BACKGROUND**

---

    [1] Plaintiffs' reply was filed on January 28, 2009. Pursuant to Civil Local Rule 7-10 and two orders of this Court (see Docket ## 52, 131), Plaintiffs' reply was due on January 26, 2009 (*i.e.*, seven days before the motion hearing date). Compounding the problem, Plaintiffs also failed to provide mandatory paper chambers copies by noon the day following the filing of the reply despite the General Order of the Court and this Court's three orders directing the parties to timely provide mandatory paper chambers copies. (Docket ## 4, 52, 131). The parties were reminded of these requirements as recently as January 9, 2009. (Docket # 131). The Court is perplexed by Plaintiffs' disregard for these rules and orders. These violations result in wasted time by this Court.

    Plaintiffs' counsel is hereby **ORDERED** to familiarize himself with the civil local rules, the general orders regarding electronic filing procedure, and the Orders of this Court regarding motion practice and procedure, and to submit a declaration within ten days hereof declaring that he has done so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 08-4038 ABC (SSx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | 4 Exotic Dancers v. Spearmint Rhino, et al. | | |

Plaintiffs are four unnamed exotic dancers who brought suit against several nightclubs located in the Los Angeles area. All of the clubs offer either "topless entertainment" or "totally nude entertainment." First Amended Compl. ("FAC") ¶¶ 9-15 (Docket # 115). Plaintiffs alleged that they worked for one or more of the Defendant clubs within the three years before the complaint was filed. FAC ¶ 3. Specifically, Exotic Dancer No. 1 is alleged to have worked at Spearmint Rhino, Rio, Rouge, and Silver Rein. FAC ¶ 4. Exotic Dancer No. 2 is alleged to have worked at Spearmint Rhino. FAC ¶ 5. Exotic Dancer No. 3 is alleged to have worked at Scores. FAC ¶ 6. Exotic Dancer No. 4 is alleged to have worked for at the Wild Goose. FAC ¶ 7. Plaintiffs purport to sue both on their own behalf, and on behalf of "all female exotic dancers who have worked at Defendants' clubs for the past two years." FAC ¶ 8. Plaintiffs allege that Defendants violated the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as state law, Cal. Labor Code §§ 1194, 98.3, 351, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

On December 9, 2008, this Court granted Defendant OAV's motion to dismiss the initial complaint for *inter alia* failing to identify the individual exotic dancers by name. *See* Minute Order Re: Mot. to Dismiss Filed by Def. OAV, December 9, 2008 (Docket # 112).[2] The Court explained that Plaintiffs could proceed pseudonymously only by seeking leave to do so and meeting the criteria set forth in Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000). The Court granted Plaintiffs leave to file an amended complaint using pseudonyms together with a concurrently filed motion for leave to proceed under those pseudonyms, which they did on December 19, 2008.

**LEGAL STANDARD**

Plaintiffs generally must identify themselves in their complaint pursuant to Fed. R. Civ. P. 10(a) and the public's common law right to access to judicial proceedings. See Advanced Textile, 214 F.3d at 1067. Nonetheless, courts allow pseudonymity when special circumstances justify secrecy. Id. "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) (quoting United States v. Doe, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007)). To receive such permission, a party must affirmatively show that "pseudonymity is 'necessary to protect a person from injury or harassment.'" Id. (quoting Doe, 488 F.3d at 1155 n.1).

The Ninth Circuit has identified three situations in which requests for pseudonymity have been granted: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct,

---

[2] Although the motion was brought by OAV, the Court granted Maverick Tavern the same relief given the Court's obligation to examine the issue of standing on its own, even when not properly raised by the parties. See D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1035 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 08-4038 ABC (SSx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | 4 Exotic Dancers v. Spearmint Rhino, et al. | | |

thereby risking criminal prosecution.  Advanced Textile, 214 F.3d at 1068.  When the party asserts that pseudonymity is necessary due to fears of retaliation, courts balance the severity of the threatened harm, the reasonableness of the fears, and the party's vulnerability to such retaliation.  Id.  The need for pseudonymity must then be balanced against any prejudice to the opposing party and the public's interest in knowing the party's identity.  Id.

**ANALYSIS**

Plaintiffs purport to meet the Ninth Circuit's standard for pseudonymity based on the declaration of Patrick Manshardt, Plaintiffs' counsel in this matter.  See Decl. of Patrick Manshardt, December 31, 2008 (Docket # 125).  Mr. Manshardt asserts that his clients fear retaliation from Defendants in the form of harassment, termination and blacklisting.  See id. at ¶ 4-6.  He also asserts that Plaintiffs will be stigmatized if their identities are revealed publicly.  Id. at ¶ 7.[3]  Mr. Manshardt further asserts that Exotic Dancer 3 is no longer in the industry, while Exotic Dancers 2 and 4 continue to work at Spearmint Rhino and the Wild Goose, respectively.  Reply Decl. of Patrick Manshardt, January 28, 2009, at ¶¶ 2-4 (Docket # 141).

**A.   Plaintiffs' Feared Injuries**

Plaintiffs' feared injuries are insufficient to allow Plaintiffs to proceed pseudonymously.  Plaintiffs' fear of retaliation from the nightclubs does not merit pseudonymity because it is not unusual.  "[T]hreats of termination and blacklisting are [] typical methods by which employers retaliate against employees who assert their legal rights."  Advanced Textile, 214 F.3d at 1071.  Unlike the situation in Advanced Textile, where retaliation against the unnamed plaintiffs would have led to deportation, arrest and imprisonment in China, id., the consequence of termination and blacklisting here is that the Plaintiffs would make less money than they would otherwise, see Manshardt Decl. ¶ 5.  That is precisely the scenario distinguished by the Ninth Circuit in allowing the plaintiffs to proceed pseudonymously in Advanced Textile.  See 214 F.3d at 1070-71 (distinguishing Southern Methodist University Assoc. of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)).  This type of economic retaliation is not sufficiently severe to warrant pseudonymity.

Courts addressing fears of retaliation also evaluate the reasonableness of the fear and the vulnerability of the plaintiffs.  See id. at 1068. At least with respect to Exotic Dancers 2 and 4, whom Plaintiffs' counsel asserts continue to work for Defendants, see Manshardt Reply Decl. ¶¶ 2, 4, the Court does not doubt that their fears of economic retaliation are objectively reasonable and that they are

---

[3] Defendants object to the admissibility of the Manshardt Declaration.  Because the Court denies Plaintiffs' motion even considering the declaration, the objections are denied as moot.  Plaintiffs object to the admissibility of the Declaration of Peter Garrell.  The Court does not rely on that declaration in deciding this motion, so the objections are denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 08-4038 ABC (SSx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | 4 Exotic Dancers v. Spearmint Rhino, et al. | | |

vulnerable to such retaliation. See Doe v. Cin-Lan, Inc., No. 08-cv-12719, 2008 WL 4960170, at *19 (E.D. Mich. Nov. 20, 2008) (finding it likely that exotic dancer would succeed on retaliation claim against club after bringing a similar FLSA suit). But that does not alter the conclusion that pseudonymity is not necessary given that the feared injury is not extraordinary.

Plaintiffs' privacy concerns are likewise insufficient. Courts have allowed pseudonymity to protect a plaintiff's privacy when necessary "to preserve privacy in a matter of sensitive and highly personal nature." Advanced Textile, 214 F.3d at 1068 (quoting James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)); see also Roe v. Wade, 410 U.S. 113 (1973) (abortion); Doe v. United Serv. Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988) (sexual orientation). The privacy concerns involved in such cases are different in nature than Plaintiffs' interest in not being publicly identified as exotic dancers. Indeed, Plaintiffs' willingness to be identified publicly at a later point in the litigation is inconsistent with their assertion that they will be stigmatized if the public learns that they are exotic dancers. See Manshardt Decl. ¶ 7 ("[W]ere Plaintiffs' identities disclosed too early, they would also be subjected to 'ridicule and personal embarrassment.'" (emphasis added)).

Thus, Plaintiffs failed to establish a need for anonymity as to either of the fears raised. "That [] plaintiff[s] may suffer some embarrassment or economic harm is not enough" to warrant pseudonymity. Doe v. Rostker, 89 F.R.D. 158, 162 (N.D. Cal. 1981).

### B.     Prejudice To Defendants

Moreover, Plaintiffs failed to establish that the threatened injuries outweigh the prejudice to Defendants. See Advanced Textile, 214 F.3d at 1068. The Court must evaluate the precise prejudice plaintiffs' pseudonymity would cause defendants at each stage of the litigation. Id. The Ninth Circuit has acknowledged that the use of pseudonyms can impair defendants' ability to mount a defense. Id. at 1072. Defendants assert that they are prejudiced in mounting a defense in several respects. Here, Plaintiffs have not established a need for pseudonymity. Accordingly, the asserted injuries cannot outweigh the prejudice to Defendants, even at this stage of the proceedings. See Does I-V v. Texaco, Inc., No. C06-2820 WHA, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5, 2006).

### C.  Public Interest

Similarly, Plaintiffs' purported injury does not outweigh the public's interest in open proceedings. "Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Stoterau, 524 F3d at 1013 (quoting Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997) (alteration in original omitted)). Thus, there is a general presumption that parties' identities are public information. Id. at 1012 (quoting Advanced Textile, 214 F.3d at 1068); see also Fed. R. Civ. P. 10(a). Given that Plaintiffs have failed to establish a need to proceed pseudonymously, that presumption cannot be overcome. See Texaco, 2006

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 08-4038 ABC (SSx) | Date | January 29, 2009 |
|---|---|---|---|
| Title | 4 Exotic Dancers v. Spearmint Rhino, et al. | | |

WL 2850035, at *6 ("When anyone . . . invokes the potential power and authority of a United States District Court, the public has a legitimate right to know on whose behalf their institutions are being used, <u>unless good cause to do otherwise is shown</u>." (emphasis added)).[4]

**CONCLUSION**

In summary, and for the reasons set forth above, Plaintiffs' motion to proceed pseudonymously (Docket # 125) is DENIED WITH PREJUDICE.[5] The parties' evidentiary objections are DENIED AS MOOT. Plaintiffs shall have 20 days from the date of this order to file an amended complaint identifying the individual Plaintiffs by name.[6] If Plaintiffs choose not to file an amended complaint within twenty days, the case will be dismissed for lack of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962).

**IT IS SO ORDERED.**

 : 

Initials of Preparer   DA

---

[4] Plaintiffs' assertion that denial of their request to proceed pseudonymously will chill this type of case is unconvincing. Given that there is nothing unusual about the injuries feared, there is no more of a chilling effect here than that which comes with any party's desire to bring suit against an employer. Although not raised by Plaintiffs, the Court is also mindful of the Ninth Circuit's assertion that the public interest in knowing parties' identities may be lessened in FLSA cases given that FLSA cases brought by the government allow for employee anonymity. Advanced Textile, 214 F.3d at 1072-73. But that does not change the outcome here because the public interest in Advanced Textile was weighed against those plaintiffs' "objectively reasonable fear of extraordinarily severe retaliation." 214 F.3d at 1063.

[5] In their untimely reply brief, Plaintiffs assert for the first time that they seek alternative relief, such as the entry of a protective order. See Reply Brief at 14. The Court will not grant relief requested initially in a reply brief. See, e.g., Bazuaye v. I.N.S., 79 F.3d 118, 120 (9th Cir. 1996). To the extent Plaintiffs seek such relief, they should file a motion requesting it.

[6] Although the Court chose not to strike the First Amended Complaint despite deficiencies in its filing, see Docket # 123, the Court reminds Plaintiffs that they must follow the appropriate filing procedures in the event that they choose to file a second amended complaint.