UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4038 ABC (SSx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Tara Kandamir & Olga Castillo v. Spearmint Rhino et al. | | |

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  ORDER STAYING CASE AND ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED (In Chambers)

On March 5, 2009, counsel for Defendant Olympic Avenue Venture Inc. ("OAV") filed an *ex parte* application for dismissal of this action or, alternatively, for a stay. (Docket # 157).[1] OAV based its application on the fact that Plaintiffs' counsel, Patrick Manshardt, is ineligible to practice law. To support that assertion, OAV attached a copy of the California Bar website listing Mr. Manshardt as ineligible to practice law and the California Supreme Court's disciplinary order suspending him. The Court visited the California Bar website and verified Mr. Manshardt's ineligibility. Mr. Manshardt has not responded to the *ex parte* application.

Given that Mr. Manshardt is ineligible to practice law, his representation of Plaintiffs violates Local Rule 83-3.2. Accordingly, pending resolution of this issue, the case is hereby **STAYED**.

This, of course, is not the first time that such an issue has been before the Court in this case. (See Docket # 91). When Mr. Manshardt's ineligibility to practice law was previously exposed,[2] the Court ruled that:

> [Mr. Manshardt] had a duty to notify the Court of the problem, or associate in another, eligible counsel. However, there is no indication he ever planned to associate in other counsel, and it appears that he would not have informed the Court about the problem at all had Defendants not brought it up first. His failure to inform the Court on this occasion resulted in the imposition of unnecessary costs on Defendants, as well as time wasted by both the parties and this Court. The Court hopes that similar problems will not

---

[1] OAV also filed an *ex parte* application and motion for a protective order, which are pending before Magistrate Judge Segal. (Docket ## 156, 158).

[2] That stint of ineligibility lasted from August 16, 2008 to October 1, 2008.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4038 ABC (SSx) | Date | March 10, 2009 |
|---|---|---|---|
| Title | Tara Kandamir & Olga Castillo v. Spearmint Rhino et al. | | |

arise in the future, but if they do, **Mr. Manshardt is ordered to inform this Court immediately of any change in his status with the State Bar**.

(Id. (emphasis added)).  Unfortunately, it appears that Mr. Manshardt chose to ignore that order.

Mr. Manshardt is therefore **ORDERED TO SHOW CAUSE**, in writing, not later than **Monday, March 16, 2009**, why the Court should not dismiss this case.  Failure to respond to this OSC shall be deemed Mr. Manshardt's admission that dismissal is appropriate.

Mr. Manshardt is further **ORDERED** to serve this order on his clients (Ms. Kandamir and Ms. Castillo) and to file a proof of service with this Court by **Monday, March 16, 2009**; to inform his clients that he is not currently eligible to practice law; and to advise his clients that it may be in their best interest to hire new counsel.

**IT IS SO ORDERED.**

:

Initials of Preparer   da